STATE OF VERMONT

SUPERIOR COURT – ENVIRONMENTAL DIVISION

================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================

In Re Grist Mill Horse Barn Redevelopment Plan (2nd Appeal),     Docket No. 89-5-09 Vtec
    (Appeal from City of Vergennes DRB on-the-record determination)

Title: Motion for De Novo Review (Filing No. 1).

Filed:  June 3, 2010

Filed By:  David J. Shlansky, Attorney for Appellant Mahaiwe, LLC

Response in Opposition filed on 06/11/10 by Appellee City of Vergennes

___ Granted       _X_ Denied       ___ Other

Given the procedural history of the land use application now before us, these proceedings cry out for an efficient resolution that brings immediate finality.  The current application now under appeal is a close mirror of a predecessor application that was first filed with the City of Vergennes Development Review Board ("DRB") in 2008.  This Court ultimately determined that that application had to be remanded to the DRB, due to a lack of findings that supported its on-the-record ("OTR") determination.  See In re Grist Mill Horse Barn Redevelopment Plan, No. 205-9-08 Vtec, slip op. at 8–10, 13 (Vt. Envtl. Ct. Apr. 13, 2009) (Durkin, J.).  Upon remand, the DRB again denied the application, but when the matter came before this Court in the above-referenced appeal, it was learned that the DRB had failed to preserve an audible record of the OTR proceedings.

By its motion, Applicant Mahaiwe, LLC requests that this Court avoid remanding the pending application back to the DRB for a third review, and asks instead that the Court conduct a de novo review of the pending application.  Given the procedural record, Mahaiwe presents a compelling argument, but it offers no legal foundation for this Court to ignore the legislative decision by the City of Vergennes that appeals of its land use determinations are to be reviewed on-the-record.  Our independent research has also found no authority to support our de novo review.  In this regard, we note that Mahaiwe's reliance upon the Supreme Court's Dunnett decision is misplaced, since the Court determined there that the Town of Ludlow had failed to complete the adoption of necessary procedures for OTR review.  See In re Dunnett, 172 Vt. 196, 198–199 (2001).  Of the cases cited by the parties, the most analogous to the case at bar resulted in remand: In re Sprague Farms, LLC, No. 107-6-08 Vtec, slip op. at 12 (Vt. Envtl. Ct. Nov. 4, 2008) (Wright, J.)

Our research also revealed an appeal where, in fact, this Court conducted a de novo review of evidence submitted in an OTR proceeding; on appeal, the Vermont Supreme Court vacated that determination and remanded the application back to the municipal panel, with direction that it conduct "further factfinding" under its self-imposed OTR procedures.  See In re Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 10, 2004) (unpub. mem.).

While we regret prolonging the review of Mahaiwe's pending application, we remain convinced that remand is the most efficient recourse to correct the deficiencies in the DRB's record. To do otherwise would only condemn the parties here to more protracted proceedings, similar to that which occurred in Leikert. For these reasons, we conclude that Mahaiwe's request that this Court conduct a de novo review of its pending application must be **DENIED**.

One further request remains for our review: Mahaiwe asks that we conduct a hearing on their motion for a de novo review of their pending application. We would be inclined to conduct such a hearing, if we had been presented with a single citation to a statute or caselaw that suggested that an appeal, properly before this Court as an OTR appeal, could nonetheless be reviewed de novo. Since we have received no such citation, we decline to hold a hearing on Mahaiwe's pending motion. See V.R.C.P. 78(b)(2) ("[T]he court may decline to hear oral argument and may dispose of the motion without argument."). Rule 78 hearings are often most appropriate where evidence must be received to assist in the adjudication of the pending motion. Id. We regard a hearing on the pending motion as unnecessary, since no evidence would be taken. Mahaiwe's request for a hearing on its pending motion is therefore **DENIED** as well.

Our determinations here leave us with an unresolved procedural question: what to do with the pending OTR appeal. As the parties have properly noted, the applicable procedural rules provide a mechanism by which the parties may reconstruct a deficient record, so that an appellate court may complete its OTR review. See V.R.A.P. 10(c) and (d). The latter provides a means by which the parties, by agreement, may reconstitute the record for appellate review; the former provision provides a means to reconstruct the record in the absence of an agreement between the parties.

In the absence of a record that substantiates the factual findings and legal conclusions announced by the DRB, we will be compelled to void the DRB's denial of Mahaiwe's application. In re Grist Mill Horse Barn Redevelopment Plan, No. 205-9-08 Vtec, slip op. at 6, 12 (Vt. Envtl. Ct. Apr. 13, 2009) (Durkin, J.). We therefore direct that the parties submit a reconstituted record consistent with either V.R.A.P. 10(c) or (d) no later than **Friday, September 10, 2010**. The Court will thereafter render its determination on the pending appeal, after review of whatever record is presented.

_____          ___August 5, 2010___
        Thomas S. Durkin, Judge                                                    Date

====================================================================

Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
   David J. Shlansky, Attorney for Appellant Mahaiwe, LLC
   James W. Runcie, Attorney for Appellee City of Vergennes